# UNITED STATES DISTRICT COURT
for the
### Western District of Kentucky
### Paducah Division

| | |
|---|---|
| Hurley Holland ) | |
| *Plaintiff* ) | |
| ) | |
| v. ) | Case No. 5:16-cv-69-TBR |
| ) | |
| LVNV Funding, LLC ) | |
| *Defendant* ) | |
| Serve: ) | |
| Corporation Service Company ) | |
| 2711 Centerville Road, Suite 400 ) | |
| Wilmington, DE 19801 ) | |

## CLASS ACTION COMPLAINT
## and DEMAND FOR JURY TRIAL

### INTRODUCTION

1. This is an action by a consumer seeking declaratory relief and damages for himself and on behalf of all similarly-situated Kentucky citizens for Defendant LVNV Funding, LLC's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq.*, which prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.

2. LVNV Funding, LLC ("LVNV") filed a lawsuit (the "State Court Suit") against Plaintiff Hurley Holland ("Holland") on August 8, 2015 in the Graves District Court of Graves County, Kentucky in an attempt to collect a debt. LVNV entered into an agreed judgment ("Agreed Judgment") with Mr. Holland in the case on August 26, 2015. The Agreed Judgment did not award LVNV its court costs or any other post judgment costs. Pursuant to that Agreed Judgment Mr. Holland made and has continued to make monthly payments of $50.00 to LVNV.

3. The complaint filed by LVNV in the State Court Suit did not plead or allege that

its costs of post judgment collection should be awarded to LVNV nor did it request such post-judgment collection costs in its prayer for relief.

4.      LVNV filed a notice of judgment lien (the "Lien") pursuant to the Agreed Judgment on November 16, 2015. As part of the filed Lien claim LVNV included the lien recording fee it paid to the Graves County Clerk as a due and owing cost thereby attempting to collect from Mr. Holland the $13.00 lien recording fee it paid to the Graves County Clerk, even though the Agreed Judgment by its own terms did not include an award of post judgment collection costs or the lien recording fee, in violation of the FDCPA.

5.      LVNV committed a further violation of the FDCPA by the balance stated on the Lien which improperly added to the balance LVNV's court costs for the State Court Suit and for which the payments made by Mr. Holland have been applied by LVNV to reimburse LVNV's court costs, even though the Agreed Judgment did not award LVNV its court costs and LVNV did not properly file and serve a bill of costs pursuant to Ky. R. Civ. P. 54.04.

6.      As a pattern and practice LVNV has improperly filed lawsuits in the Kentucky State Court and collected or attempted to collect court costs and lien recording fees from numerous other Kentucky consumers like Mr. Holland which it was not awarded by judgment and/or for which, even if awarded by judgment, it did not comply with the requirements of filing and serving a bill of costs as required by CR 54.04. These acts by LVNV in illegally attempting to collect or collecting a consumer debt violate the FDCPA for which Mr. Holland on behalf of himself and members of proposed classes seek statutory damages, actual damages, and injunctive relief.

## JURISDICTION

7.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 2201, and

the FDCPA, 15 U.S.C. §1692k(d).

## PARTIES

8.      Plaintiff Holland is a natural person who resides in Graves County, Ky.  Mr. Holland is a "consumer" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3).

9.      Defendant LVNV Funding, LLC ("LVNV") is a Delaware limited liability company, which has not registered with the Kentucky Secretary of State, and is engaged in the business of purchasing debts from creditors and collecting these debts in this state. LVNV's principal place of business is located at Bank of America Building, 200 Meeting Street, Suite 206, Charleston, SC 29401-3187.

10.     LVNV is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a(6).

## FACTS

11.     On August 5, 2015, LVNV filed a complaint in the Graves District Court against Mr. Holland under case number 15-C-00376 in an attempt to collect a defaulted credit account alleged to have been originally due and owing to Credit One Bank, N.A. ("Credit One").

12.     Mr. Holland used the Credit One account exclusively for personal, family, and household purposes, which makes the debt a "debt" within the meaning of the FDCPA.

13.     On August 26, 2015, LVNV and Mr. Holland entered into an Agreed Judgment in the State Court Suit. A copy of the Judgment is attached hereto as Exhibit "A."

14.     The Agreed Judgment awarded LVNV "the principal amount of $719.17 together with interest on the date of Agreed Judgment on the principal balance at the rate of 12.00% per annum." The Judgment did not award LVNV its court costs, but it did provide to LVNV the right to file a Notice of Judgment Lien pursuant to the Agreed Judgment.

15. Mr. Holland made payments on the Agreed Judgment as agreed, paying $200.00 towards the judgment by November 4, 2015.

16. On or about November 11, 2015, LVNV forwarded a Notice of Judgment Lien on Real Estate for recording to the Graves County Clerk pursuant to the Agreed Judgment (the "Judgment Lien"). The Judgment Lien was recorded by the Graves County Clerk on November 15, 2015. A copy of the Judgment Lien is attached hereto as Exhibit "B."

17. LVNV paid $13.00 to the Bullitt County Clerk to record the judgment Lien, which fee is set by Kentucky Statute. KRS 64.012.

18. LVNV's Judgment Lien states the following putative information regarding the Agreed Judgment:

| | |
|---|---|
| Total judgment amount as of November 4, 2015: | $661.76 |
| Principal amount: | $632.67 |
| Accrued interest: | $16.09 |
| Interest rate: | 12.00% |
| Costs: | $13.00 |
| Attorney fees: | $0.00 |

19. Despite having made $200.00 in payments to LVNV prior to the filing of the judgment Lien, the principal balance stated in the Lien only reflects a credit of $86.50 ($719.37-$632.67).

20. Therefore prior to November 4, 2015, LVNV applied $113.50 of the $200.00 paid by Mr. Holland towards the Agreed Judgment to recover its court costs expended in the State Court Suit, and then applied the remaining $86.50 towards the principal balance of the judgment.

21. Therefore the $13.00 of "Costs" stated as due and owing in the filed Lien consists of the statutory fee for recording the judgment Lien as referred to *supra*.

22. The Agreed Judgment did not award to LVNV the right to recover the $13.00 lien recording fee.

23. Lien recording fees paid to county clerks are not "court costs" recoverable by a prevailing party in litigation under Kentucky law, as they are neither costs incurred in litigation nor costs paid to the court or its officers. CR 54.04; KRS 453.050; *Porter v. Citizens Fidelity Bank & Trust Co.*, 554 S.W.2d 397 (Ky. Ct. App. 1977); *Commonwealth Transp. Cabinet, Dept. of Highways v. Wireman*, 714 S.W.2d 159 (Ky. Ct. App. 1986).

24. The Agreed Judgment did not award LVNV its court costs expended in the State Court Suit.

25. At no time between August 26, 2015 and November 4, 2015 did LVNV prepare and serve a bill of costs in accordance with Ky. R. Civ. P. 54.04 in order to recover its court costs in obtaining the Agreed Judgment.

26. As a pattern and practice LVNV has collected or attempted to collect court costs, lien recording fees, and other post judgment collection expenses pursuant to judgments it obtained against numerous Kentucky consumers for "debts" within the meaning of the FDCPA that it had no legal right to collect under Kentucky law.

## CLASS ALLEGATIONS

27. Plaintiff Hurley Holland ("Holland") brings this action individually and as a class action on behalf of all persons in the Commonwealth of Kentucky similarly situated comprised of the following persons:

**Class One:** All Kentucky consumers against whom Defendant LVNV Funding, LLC, or its agents, employees, or representatives, within one year of the date of filing this complaint:

    (a) Obtained a judgment in any of the District or Circuit Courts of this state for a "debt" within the meaning of the FDCPA for which court costs and/or post

    judgment collection costs were not awarded in the judgment, and

 (b) illegally collected or attempted to collect court costs to which it was not entitled by judgment from the consumer where the judgment did not award LVNV its court costs, and/or without first filing and serving a bill of costs with the court and obtaining a supplemental judgment for costs as required by Ky. R. Civ. P. 54.04.

**Class Two:** All Kentucky consumers against whom Defendant LVNV Funding, LLC, or its agents, employees, or representatives, within one year of the date of filing this complaint:

 (a) recorded a judgment Lien pursuant to KRS 426.720 with any County Clerk of the Commonwealth of Kentucky pursuant to a court judgment obtained in the Commonwealth of Kentucky for a "debt" within the meaning of the FDCPA, and

 (b) illegally collected or attempted to collect the statutory lien recording fee paid to the County Clerk for the recording of such from the consumer in violation of Kentucky law to which it was not entitled.

 28. This action seeks the maximum statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2) and actual damages be awarded Plaintiff and all members of Class One and Class Two (jointly, "the Classes") for LVNV's violations of the FDCPA.

 29. This action also seeks injunctive relief enjoining LVNV from seeking to collect or collecting court costs, lien recording fees, and other collection expenses it has no legal right to collect or attempt to collect from consumers pursuant to judgments obtained in the courts of the Commonwealth of Kentucky.

 30. The proposed Classes as set out *supra* and so represented by Plaintiff Hurley Holland in this action, and of which he himself is a member, consists of those persons defined above which are so numerous that joinder of individual members is impracticable.

31. Plaintiff's claims are typical of the claims of the proposed Classes as set out *supra*.

32. There are common questions of law and fact applicable to the members of the proposed Classes in this action that relate to and affect the rights of each member of the proposed classes, and the relief sought is common to the entire proposed class. In particular, all members of the proposed Classes have the same issues of law in common:

(a) Whether LVNV had the right to collect or attempt to collect from consumers court costs expended in obtaining Kentucky state court judgments when the judgment against the consumer did not award LVNV its court costs;

(b) Whether LVNV acted illegally in attempting to collect court costs or post judgment collection expenses without first filing and serving a bill of costs as required by Ky. R. Civ. P. 54.04;

(c) Whether LVNV had the right to collect or attempt to collect from consumers statutory lien recording fees paid to County Clerks of the Commonwealth of Kentucky pursuant to judgments obtained in courts of the Commonwealth of Kentucky.

33. There is no known conflict between Plaintiff and any other members of the proposed Classes with respect to this action, or with respect to the claims for relief herein set forth.

34. Plaintiff is the representative party for the proposed Classes and is able to, and will, fairly and adequately protect the interest of each of the proposed Classes.

35. Plaintiff's attorney is experienced and capable in the field of consumer rights, including FDCPA violations.

36. Plaintiff's attorney has successfully represented other claimants in similar

litigation.

37. The action is properly maintained as a class action in that the prosecution of separate actions by individual class members of the proposed Classes creates a risk of individual adjudications that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudication, or would substantially impair or impede their ability to protect their interest.

38. This action is properly maintained as a class action because the prosecution of separate actions by individual members of the proposed Classes would create risk of varying individual adjudications, which would establish incompatible standards of conduct for Defendant.

39. This action is properly maintained as a class action inasmuch as the questions of law and fact common to the proposed class members predominate over any questions affecting only individual members; a class action is superior to other methods available for the efficient adjudication of the controversy; the relief sought by all members of the proposed Classes will be effective and appropriate for the entirety of each proposed class; and all members of the proposed Classes have a right to damages or other relief that may be readily computed in each case or otherwise readily determined.

40. The identity of each individual member of the proposed class can be ascertained from the books and records maintained by Defendant.

41. Because many of the persons who comprise the proposed class in this case may not be aware of their rights, or may not be in a financial position to readily assert their rights, and because relegation of their claims to individual actions would result in an unreasonable multiplicity of suits and a corresponding burden on this and other courts, a class action is far

superior to all other methods for a fair and efficient adjudication of this controversy.

## CLAIMS FOR RELIEF

### Violations of the Fair Debt Collection Practices Act

42. The above-described actions by LVNV Funding, LLC ("LVNV") constitute violations of the Fair Debt Collection Practices Act.

43. Defendant LVNV's violations of the FDCPA include, but are not limited to, the following:

A. Violation of 15 U.S.C. 1692e by using false, deceptive, or misleading representation or means in connection with the collection of any debt;

B. Violation of 15 U.S.C. 1692e(2)(A) by the false representation of the character, amount, or legal status of any debt;

C. Violation of 15 U.S.C. 1692e(2)(B) by the false representation of compensation which may be lawfully received by any debt collector for the collection of a debt;

D. Violation of 15 U.S.C. 1692e(5) by threatening to take an action that cannot legally be taken or that is not intended to be taken;

E. Violation of 15 U.S.C. 1692e(10) by using a false representation or deceptive means to collect or attempt to collect a debt;

F. Violation of 15 U.S.C. 1692f by using unfair or unconscionable means to collect or attempt to collect a debt;

G. Violation of 15 U.S.C. 1692f(1) by the collection or attempt to collect an amount (including any interest, fee, charge, or expense incidental to the principal obligation) when such amount is not expressly authorized by an agreement creating the debt or permitted by law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Hurley Holland requests the Court grant him relief as follows:

a. Award the maximum amount of statutory damages for each member of the proposed classes provided under 15 U.S.C. §1692k;

b. Award Plaintiff Hurley Holland and the members of the proposed classes their actual damages for court costs and lien recording fees paid;

c. Issue an injunction enjoining LVNV from collecting or attempting to collect court costs expended in obtaining judgments in District or Circuit Courts of the Commonwealth of Kentucky when the judgment against the consumer did not award LVNV its court costs, and/or without filing and serving a bill of costs and obtaining a supplemental judgment for costs pursuant to Ky. R. Civ. P. 54.04, and from collecting or attempting to collect statutory lien recording fees paid to County Clerks of the Commonwealth of Kentucky pursuant to judgments obtained in courts of the Commonwealth of Kentucky from consumers;

d. Award Plaintiff attorney's fees, litigation expenses and costs as provided by FDCPA;

e. A trial by jury; and

f. Such other relief as may be just and proper.

Submitted by:

/s/ James McKenzie
**James McKenzie**
*James R. McKenzie Attorney, PLLC*
115 S. Sherrin Avenue, Suite 4
Louisville, KY 40207
Tel: (502) 371-2179
Fax: (502) 257-7309
jmckenzie@jmckenzielaw.com

James H. Lawson
*Lawson at Law, PLLC*
115 S. Sherrin Avenue, Suite 4
Louisville, KY 40207
Tel: (502) 473-6525
Fax: (502) 473-6561
james@kyconsumerlaw.com